IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-02490-MSK-CBS

ARTHUR BUNDY,

    Plaintiff,

v.

JOE STOMMEL,
JOSEPH ORTIZ,
MICHAEL DUNLAP,
BURL MCCULLAR, and
DWIGHT MARTINEZ,

    Defendants.
_____

**ORDER DENYING MOTION TO DISMISS, GRANTING LEAVE TO REFILE, AND
DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AS MOOT**
_____

**THIS MATTER** comes before the Court pursuant to Plaintiff's *pro se* Motion to Enlargement of Time **(# 48)** to respond to the Defendants' Motion to Dismiss **(# 42)**.

The Defendant's Motion was filed on August 4, 2006. On October 4, 2006, the Plaintiff filed a "Status Report" **(# 46)**, noting that the time for responding to his July 21, 2006 Amended Complaint **(# 40)** had passed, and that he had received no response from the Defendants. On January 26, 2007, the Plaintiff filed a second "Status Report," along with the instant motion, stating that he had never received a copy of the Defendant's motion, and that it was not until January 2007, after he had retained a paralegal to investigate the status of the action, that he learned of the pending Motion to Dismiss.

The Court finds that the failure of the Plaintiff to timely receive a copy of the Motion to

Dismiss constitutes good cause for an extension of time to respond. Thus, the only question remaining is how much of an extension should be granted. The Plaintiff's motion does not specify how much time the Plaintiff believes he needs to submit a response. Assuming that the 20-day period to respond, D.C. Colo. L. Civ. R. 7.1(C), began running on January 16, 2007, the date the Plaintiff finally obtained a copy of the Defendants' motion, the Plaintiff's response would have been due on February 5, 2007. Accordingly, the Plaintiff should be prepared to respond immediately to the motion,

Nevertheless, the Court will not direct an immediate response. Pursuant to the Civil Justice Reform Act, 28 U.S.C. § 476, the Court is required to report to the Administrative Office of the United States Court when a motion has been pending for more than six months. In this case, the Defendant's motion essentially meets that requirement, but because of the delay in obtaining a response, the motion is not currently ripe for determination. Rather than order expedited briefing and consideration of a motion raising potentially complex legal issues simply to avoid application of the Civil Justice Reform Act, the Court finds that a more deliberative pace is appropriate. Accordingly, the Court will deny the Defendants' pending Motion to Dismiss, without prejudice, and direct that it be refiled. Upon refiling, the Defendant shall ensure that the motion is properly served on the Plaintiff, and the parties shall have the opportunity for careful briefing according to the regular schedule in D.C. Colo. L. Civ. R. 7.1(C).

Accordingly, the Defendants' Motion to Dismiss **(# 42)** is **DENIED WITHOUT PREJUDICE**, and the Plaintiff's Motion for Extension of Time to Respond **(# 48)** to that motion

is **DENIED AS MOOT**. The Defendant shall refile its Motion to Dismiss within 5 days of the date of this Order. The parties shall then brief the refiled motion consistent with D.C. Colo. L. Civ. R. 7.1(C).

Dated this 7th day of February, 2007

**BY THE COURT:**

Marcia S. Krieger
United States District Judge